UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:20-cv-61693-WPD
STATE CASE NO.: CACE 20-012179

FRANK DEMARZO,

        Plaintiff,

vs.

HEALTHCARE TRUST OF
AMERICA, INC., a Foreign Profit Corporation,

        Defendant.
_____/

**PLAINTIFF'S MOTION FOR REMAND**
**AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

        Plaintiff, FRANK DEMARZO, by and through his undersigned attorneys hereby files this Motion for Remand and Memorandum of Law in Support thereof and states as follows:

1. At the present time the only named Plaintiff is Frank Demarzo.

2. At the present time, the existing defendant in this case is Healthcare Trust of America, Inc. ("Healthcare Trust").

3. Plaintiff, Frank Demarzo, is a Florida citizen and Defendant, Healthcare Trust, is a foreign corporation.

4. More pertinent to the instant Motion for Remand, Plaintiff has simultaneously filed a Motion to Amend to add South Florida Construction Associates, Inc. as a party Defendant. In particular, the Motion to Amend seeks to add a new defendant that is a Florida citizen.

5. If this Court grants the motion to amend to add the new Florida Defendant, diversity jurisdiction as afforded by 28 USC § 1332 will be destroyed.

6. After removal of an action, where Plaintiff seeks to amend in a way which would destroy the diversity jurisdiction of the district court, the court may either (1) deny the amendment; or (2) allow the amendment and remand the case to the state court from which is was removed. 28 USC § 1447(e).

7. Because the amendment is proper in this case, Plaintiff requests the Court to enter an Order granting Plaintiff's Motion to Amend and then remanding based upon 28 USC § 1447(e).

WHEREFORE, Plaintiff FRANK DEMARZO, requests this Court to enter an Order remanding this case to the Circuit Court, in and for the Seventeenth Judicial Circuit, in and for Broward County, Florida.

## MEMORANDUM OF LAW

As indicated above, filed simultaneously with this Motion for Remand is a Motion to Amend Plaintiff's Complaint to add a non-diverse party as a Defendant. In particular, Plaintiff's proposed First Amended Complaint adds as a Defendant the corporation who applied for several paving, restriping and resealing permits pertaining to the location where Plaintiff sustained injury (9800 W. Commercial Blvd., Sunrise, FL 33351).

Concern over amendments which would effectively divest a district court of diversity jurisdiction prompted the amendment of 28 USC § 1447 in 1998 to add subsection (e) which provides as follows:

> If after removal the Plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder or permit joinder and remand the action to the State court.

As noted by this Court in *Heininger v. We Care Distributors, Inc.,* 706 F. Supp. 860 (S.D. Fla. 1989), the determination of whether amendment to name a non-diverse party is

appropriate requires a balancing of the equities involved. The *Heininger* court outlined the various factors to be considered in determining whether amendment and remand was appropriate:

> For example, the court should consider the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether the Plaintiff has been dilatory in asking for amendment, whether Plaintiff will be significantly injured if its amendment is not allowed and any other factors bearing on the equities.

In this case, the equities support granting Plaintiff's motion to amend and remand of the action. First, it is hard to see how the Defendant will suffer prejudice since the instant action was removed shortly after it was filed in state court, and no proceedings have occurred there. The mere fact that a Defendant faces the prospect of a trial in state court is insufficient in itself to demonstrate legal prejudice. *Hughes v. Promark Lift, Inc.*, 751 F.Supp. 985, 987 (S.D. Fla. 1990), *citing, LeCompte v. Mr. Chip, Inc.,* 528 F.2d 601, 604 (5th Cir.1976).

Second, as noted by the *Hughes* court, although the purpose of the amendment may be a factor, it alone does not support denying amendment and refusing remand. As stated by the *Hughes* court:

> [Defendant's] "motive" argument also fails because § 1447(e) does not require a tribunal to make an inquiry into the Plaintiff's motive in adding a non-diverse defendant. *Righetti v. Shell Oil Co.,* 711 F.Supp. 531 (N.D. Cal.1989). The permissive language of § 1447(e) indicates that Congress intended to give the judiciary broad discretion in allowing joinder, even though remand may result. *Id.* The legislative history of § 1447(e) evidences that the express purpose of the section is to "take advantage of the opportunity opened by removal from a state court to permit remand if a plaintiff seeks to join a diversity-destroying defendant after removal." H.R.Rep. No. 889, 100th Cong., 2d Sess. 72, *reprinted in* 1988 U.S.Code Cong. & Admin.News 6033.

In this case, adding as a Defendant, the corporation who applied for several paving, restriping and resealing permits pertaining to the location at issue, and performed the

"improvements" regarding the paved asphalt lot located at 9800 W. Commercial Blvd., Sunrise, FL 33351 is entirely appropriate.

Finally, the Plaintiff has not been dilatory in seeking the amendment. Plaintiff filed his Motion to Amend, within 11 days of the case being removed to federal court.

In sum, this Court should remand this case to state court pursuant to 28 USC § 1447 (e).

WHEREFORE, Plaintiff requests this Court to grant his Motion to Remand this case to the state court from which it was removed.

Respectfully submitted,

**LYONS, SNYDER & COLLIN, P.A.**

By: */s/ Marc P. Lyons*

Marc P. Lyons, Esq.
marc@lyonssnyder.com
FBN: 804681
Philip M. Snyder, Esq.
philip@lyonssnyder.com
FBN: 815101
1250 South Pine Island Road, Suite 200
Plantation, FL 33324
T: 954.462.8035
F: 954.462.8036
Service email: pi_filings@lyonssnyder.com
*Attorneys for Plaintiff, Frank Demarzo*

**CERTIFICATE OF SERVICE**

I, the undersigned attorney, do hereby certify that on the ____ day of September, 2020, the foregoing document has been served upon all parties or counsel of record for the parties at

interest in this cause by filing the document electronically through the Court's CM/ECF System, which will serve the document electronically to those who are registered uses of its system:

Thomas Paradise, Esq.
Megan Pariti, Esq.
**Vernis & Bowling of Broward, P.A.**
5821 Hollywood Blvd
Hollywood, FL 33021
Tel: 954-927-5330
Fax: 954-927-5320
mpariti@Florida-Law.com
tparadise@Florida-Law.com
*Attorney for Defendant, Healthcare Trust of America, Inc.*

        **LYONS, SNYDER & COLLIN, P.A.**

    By:  */s/ Marc P. Lyons*
      Marc P. Lyons, Esq.
      marc@lyonssnyder.com
      FBN: 804681
      Philip M. Snyder, Esq.
      philip@lyonssnyder.com
      FBN: 815101
      1250 South Pine Island Road, Suite 200
      Plantation, FL 33324
      T: 954.462.8035
      F: 954.462.8036
      Service email: pi_filings@lyonssnyder.com
      *Attorneys for Plaintiff, Frank Demarzo*