UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 20-cv-61693-WPD

FRANK DEMARZO,

    Plaintiff,
v.

HEALTHCARE TRUST OF AMERICA,
INC., a Foreign Profit Corporation,

    Defendant.

_____/

## DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S CORRECTED MOTION TO AMEND COMPLAINT AND MOTION TO REMAND

COMES NOW, Defendant, HEALTHCARE TRUST OF AMERICA, INC. (hereinafter "HEALTHCARE TRUST") by and through the undersigned counsel and hereby files the instant Response in Opposition to Plaintiff's Corrected Motion to Amend Complaint [DE 7] and Motion to Remand [DE 8] filed with this Court on September 9, 2020 and September 10, 2020, respectively, and states the following as grounds:

1. This matter is premised upon a personal injury incident which occurred on June 11, 2018, wherein the Plaintiff alleges that he slipped and fell as a result of a yellow painted sidewalk curb located on Defendant's premises. More specifically, Plaintiff indicates that the paint used on the subject curb lacked the proper slip-resistance. Defendant was first contacted by Plaintiff's counsel regarding the subject claim as early as August 2018.

2. Plaintiff's Complaint was thereafter filed on July 28, 2020 and alleges a negligence cause of action against HEALTHCARE TRUST for failing to inspect and maintain the contested

dangerous condition, namely the "painted" curb, and/or failing to warn the Plaintiff of same. Id. No other party was named as a Defendant at such time.

3.      Upon being served with Plaintiff's Complaint, HEALTHCARE TRUST timely removed this matter to Federal Court on August 21, 2020 on the basis of diversity jurisdiction [DE 1]. As stated in HEALTHCARE TRUST'S Notice of Removal, complete diversity exists as Plaintiff is a citizen of the State of Florida while HEALTHCARE TRUST is a citizen of the State of Arizona. Id.

4.      Prior to this Court's issuance of the Scheduling Order and the initiation of discovery, Plaintiff moved to amend his Complaint to add Florida company, SOUTH FLORIDA CONSTRUCTION as a Defendant in the present matter on September 9, 2020 [DE 7]. In his motion, Plaintiff asserts that SOUTH FLORIDA CONSTRUCTION applied for permits in 2016 as it pertains to the striping and paving of the parking lot located on Defendant's premises. Id. Accordingly, Plaintiff filed his Motion to Remand arguing that diversity jurisdiction no longer exists based on SOUTH FLORIDA CONSTURCTION'S prospective presence as a Defendant in the current matter [DE 8].

5.      HEALTHCARE TRUST files the instant response in opposition to Plaintiff's motion to amend his complaint to add SOUTH FLORIDA CONSTRUCTION as a Defendant, and motion to remand, arguing that Plaintiff has failed to show that the equities fall in favor of his need to amend and that such motions improperly join a non-diverse party for the purpose of defeating diversity.

## MEMORANDUM OF LAW AND ARGUMENT

6.      Subject matter jurisdiction must be assessed at the time of removal. *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000). Pursuant to 28 U.S.C. § 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." The decision is within the district court's discretion. *Mayes v. Rapoport*, 198 F.3d 457, 462 (4th Cir.1999); *Hensgens v. Deere & Co.,* 833 F.2d 1179, 1182 (5th Cir.1987); *Seropian v. Wachovia Bank*, N.A., No. 10–80397–CIV, 2010 WL 2822195, at *2 (S.D. Fla. July 16, 2010).

7.      Because the Court's decision will determine the continuance of jurisdiction, the addition of a non-diverse party should not be permitted without consideration of the original defendant's interest in the choice of the federal forum. *Hensgens*, 833 F.2d at 1182. Hence, the district court should scrutinize a motion to amend to join a non-diverse party more closely than a motion to amend under Rule 15 of the Federal Rules of Civil Procedure, *Id.*; *see Kleopa v. Prudential Inv. Management, Inc.*, No. 08–81386–CIV, 2009 WL 2242606, at *2 (S.D. Fla. July 27, 2009), and should deny leave to amend unless strong equities support the amendment. *Smith v. White Consol. Industries, Inc.*, 229 F.Supp.2d 1275, 1281 (N.D. Ala.2002).

8.      In deciding whether to permit or deny joinder, the district court should conduct a balancing test to consider: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether plaintiff has been dilatory in asking for amendment, (3) whether plaintiff will be significantly injured if amendment is not allowed, and (4) any other factors bearing on the equities. *Small v. Ford*, 923 F. Supp. 2d 1354, 1357 (S.D. Fla. 2013) *citing Hensgens* at 1182.;

*Mayes*, 198 F.3d at 462; *Duckworth v. State Farm Mutual Auto Ins. Co.*, No. 6:07–cv–2014–Orl–22DAB, 2008 WL 495380, at *1 (M.D. Fla. Feb. 20, 2008); *Portis v. Wal–Mart Stores, Inc.*, No. 07–0557–WS–C, 2007 WL 3086011, at *3 (S.D. Ala. Oct. 19, 2007*); Jones v. Rent–A–Center East, Inc.*, 356 F.Supp.2d 1273, 1275 (M.D. Ala.2005).

9. The Southern District of Florida has acknowledged that the joining of a non-diverse defendant immediately after removal but before discovery suggests that the amendment was done for the specific purpose of destroying diversity jurisdiction. *See Small v. Ford Motor Co.*, 923 F. Supp. 2d at 1357 (denying Plaintiff's motion to amend complaint to add non-diverse Defendant), *Ibis Villas at Miami Gardens Condo Ass'n Inc. v. Aspen Specialty Ins. Co.*, 799 F. Supp. 2d 1333, 1335 (S.D. Fla. 2011)("We emphasize that the district court was correct to carefully scrutinize Mayes's attempt to add a nondiverse defendant after removal. Especially where, as here, a plaintiff seeks to add a nondiverse defendant immediately after removal but before any additional discovery has taken place, district courts should be wary that the amendment sought is for the specific purpose of avoiding federal jurisdiction.")).

**Plaintiff's Motion to Amend Complaint and Motion to Remand should be denied.**

10. In his motion, Plaintiff provides that he should be permitted to name SOUTH FLORIDA CONSTRUCTION as a defendant as such entity completed "improvements" to HEALTHCARE TRUST's parking lot in 2016. However, upon review of Plaintiff's claims as contained within his pre-suit demand correspondence and Complaint, Plaintiff indicates that the supposed dangerous condition which caused him to slip and fall was the "freshly painted" curb on Defendant's premises. Such is depicted in the photographs which were provided to HEALTHCARE TRUST by Plaintiff in his pre-suit demand correspondence. See Exhibit "A".

11. Plaintiff points to City of Sunrise permits in support of his amendment. Such permits indicate that SOUTH FLORIDA CONSTRUCTION completed the paving and striping of HEALTHCARE TRUST'S parking lot. The work that was completed in the parking lot has absolutely no connection with the subject yellow-painted sidewalk/curb which Plaintiff alleges is the cause of his injuries. The Plaintiff presents no evidence that SOUTH FLORIDA CONSTRUCTION was even tasked with painting the curb which is the subject of the instant matter.

12. To the contrary, HEALTHCARE TRUST's pre-suit investigation of this claim has revealed that the subject curb/sidewalk, which is owned by HEALTHCARE TRUST, was maintained by HEALTHCARE TRUST'S property management group.

13. Being that SOUTH FLORIDA CONSTURCTION had no involvement with the maintenance or painting of the subject curb/sidewalk, the likelihood of Plaintiff actively pursuing his claim against them is non-existent.

14. Additionally, in its responsive pleading to the Plaintiff's Complaint, HEALTHCARE TRUST does not allege the existence of a third-party who may bear responsibility in causing the Plaintiff's injuries. Nor did HEALTHCARE TRUST list SOUTH FLORIDA CONSTRUCTION as a third-party who would be liable as it relates to Plaintiff's claim.

15. The facts asserted by Plaintiff, specifically SOUTH FLORIDA's paving and striping of the parking lot, have no relevance to the parties' pleadings. As such, Plaintiff should not be permitted to amend his Complaint to include SOUTH FLORIDA CONSTRUCTION as a defendant.

16. Despite the fact that Plaintiff has failed to provide sufficient evidence to support the existence of a claim against SOUTH FLORIDA CONSTRUCTION as it relates to the present slip

and fall, Plaintiff has also failed to provide any explanation as to why this entity was not included as a Defendant in his original Complaint and otherwise delayed its presence as a party in this matter. The information Plaintiff relies upon to support his amendment to add SOUTH FLORIDA CONSTRUCTION as a party defendant, namely the City of Sunrise permits, is public record and has been readily assessable to the Plaintiff for a period of almost two years when he accepted this claim in August 2018.

17.     Moreover, the timing of Plaintiff's Motion to Amend his Complaint is highly suggestive that such motion is being made for the specific purpose of defeating diversity. Plaintiff filed his motion only days after HEALTHCARE TRUST filed its Notice of Removal and prior to the initiation of discovery in this case. *See Small,* 923 F. Supp. 2d at 1357. The Plaintiff has not performed any discovery in this case which could have arguably shed light on a potential claim against SOUTH FLORIDA CONSTRUCTION. Instead, Plaintiff bases his motion to amend from information he either knew or should have known regarding SOUTH FLORIDA CONSTURCTION'S supposed involvement.

18.     Being that the instant suit is still in the very early stages of litigation, Plaintiff has failed to show that SOUTH FLORIDA CONSTUCTION had any involvement with the contested curb/sidewalk. Therefore, if the Court is so inclined to allow Plaintiff to amend his Complaint, such should only be permitted once the parties have had the opportunity to engage in discovery and further ascertain the parties who may be involved, if any.

19.     Plaintiff also fails to show that he would be unfairly prejudiced in the event that the amendment is not permitted.  As stated above, it is unlikely that Plaintiff will pursue a claim against SOUTH FLORIDA CONSTRUCTION given the lack of evidence of its involvement with the subject painted curb as well as Plaintiff's delay in identifying this entity, being only after

Defendant's removal. There is also no sufficient argument that Plaintiff will not be able to obtain full relief on his claims without the presence of SOUTH FLORIDA CONSTRUCTION. Furthermore, discovery will allow Plaintiff to access the same information with or without SOUTH FLORIDA CONSTRUCTION as a party to this matter.

WHEREFORE, Defendant, HEALTHCARE TRUST OF AMERICA, INC. prays that this Honorable Court deny Plaintiff's Motion to Amend Complaint and Motion to Remand for the aforementioned reasons.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF on September 24, 2020 to: Marc Lyons, Esquire [marc@lyonssnyder.com; pi_filings@lyonssnyder.com; natalia@lyonssnyder.com; vanessa@lyonssnyder.com] .

**Vernis & Bowing of Broward, P.A.**
5821 Hollywood Boulevard
Hollywood, FL 33021
(954) 927-5330
(954) 927-5320 (Fax)


By:  /s/ Megan Pariti
       Megan Pariti, Esq.
       Fla. Ba No.: 1002533